# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. BYRON MONTIJO-MAISONET [1], LUIS MELENDEZ-RAMOS [2], **Defendants**. | **Criminal No.** 16-242 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Byron Montijo-Maysonet ("Montijo") and defendant Luis Melendez-Ramos ("Melendez")'s motion to dismiss all counts of the indictment charging them with violations of 18 U.S.C. § 2423(a). (Docket No. 39.) For the reasons set forth below, the Court **DENIES** defendants' motion to dismiss.

## I. RELEVANT BACKGROUND

On August 25, 2016 a federal grand jury returned a superseding indictment charging defendant Montijo and defendant Melendez with, *inter alia*, two violations of 18 U.S.C. § 2423(a) (section 2423). (Docket No. 14.) Essentially, the superseding indictment alleges that on two separate occasions defendants transported several minor females from Manati, Puerto Rico to a motel in Arecibo, Puerto Rico to engage in sexual acts. (Docket No. 14.) Defendants

assert that section 2423 is inapplicable because the superseding indictment alleges that defendants transported minors within the Commonwealth of Puerto Rico, not between Puerto Rico and another state, territory, or other jurisdiction.  (Docket No. 39.)[1]

## II.  Motion to Dismiss Standard

Defendants move to dismiss the indictment for failure to state an offense pursuant to Rule 12 of the Federal Rules of Criminal Procedure.  An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7.  When considering a motion to dismiss an indictment, courts "must take the allegations in the indictment as true," and must be mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense."  United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citation omitted).  "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words set forth all the elements of the offense without any uncertainty or ambiguity."  United States v. Brown, 295 F.3d 152,

---

[1] The Court granted defendant Melendez's motion join the motion to dismiss.  (Docket No. 46.)  The government responded to the motion to dismiss.  (Docket No. 51.)

154 (1st Cir. 2002) (internal quotation marks and citation omitted).

**III. Discussion**

Defendants predicate their motion to dismiss on an erroneous interpretation of recent decisions of the Supreme Court of the United States and the First Circuit Court of Appeals. Defendants challenge the validity of the section 2423 counts on the basis that the alleged transportation occurred exclusively within Puerto Rico. Section 2423, also known as the Mann Act, states that:

> "Any person who knowingly transports an individual who has not attained the age of 18 years in interstate of foreign commerce, **or in any commonwealth, territory or possession of the United States**, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life."

18 U.S.C. § 2324(a) (emphasis added). Although section 2423 includes the word "commonwealth," defendants argue that Puerto Rico is a state for purposes of this section. (Docket No. 39 at p. 1.) Consequently, defendants contend that the transportation element of section 2423 is lacking because section 2423 "does not apply to Puerto Rico except as to transportation between Puerto Rico and the States of the Union and foreign countries." Id. at p. 4. The Court disagrees.

Defendants misunderstand precedent, stating that "two cases have changed the application" of section 2423, namely United States v. Maldonado-Burgos, 844 F.3d 339 (1st Cir. 2016) and Puerto Rico v. Sanchez-Valle, 136 S. Ct. 1863 (2016). Id. at p. 3. In Maldonado-Burgos, the First Circuit Court of Appeals examined whether "Puerto Rico is a 'Territory or Possession of the United States,' concluding that 'we should treat Puerto Rico as a state or a territory for purposes of § 2421(a).'" 844 F.3d at 339-346. After reviewing congressional intent regarding the Mann Act in addition to the legal status of Puerto Rico throughout the twentieth-century, the First Circuit Court of Appeals concluded that "§ 2421(a) does not apply to transportation that occurs solely within Puerto Rico." Maldonado-Burgos, 844 F.3d at 340.

Defendants attempt to replicate the First Circuit Court of Appeals' analysis in Maldonado-Burgos, placing in question the congressional intent behind section 2423. Because the Mann Act does not name specifically Puerto Rico, defendants suggest that section "2423 does not apply to Puerto Rico in as much as § 2421 did not" pursuant to Maldonado-Burgos. (Docket No. 39 at p. 4.) The First Circuit Court of Appeals, however, explicitly emphasized that its holding "applies only to the scope of § 2421(a), and not to the other provisions of the Mann Act." Id. at 350. Consequently, Maldonado-Burgos is inapposite.

Nothing in Maldonado-Burgos undermines the premise that section 2423 prohibits the transportation of minors "in any commonwealth, territory, or possession" including transportation occurring exclusively within Puerto Rico. See United States v. Lebron-Caceres, 157 F. Supp. 3d 80, 83 (D.P.R. 2016) (Delgado-Hernandez, J.) (observing that "Section 2423(a) explicitly applies to intra-commonwealth transportation."); United States v. Mercado-Flores, 124 F. Supp. 3d 55, 57 (D.P.R. 2015) (Gelpi, J.) ("[S]ection 2423(a) clearly indicates that the same applies to intra-state activities within any commonwealth territory or possession of the United States' and section 2421 indicates that it applies to intra-state activities within only within [*sic*] 'any territory, or possession of the United States.'").[2]

---

[2] Before setting forth their argument to the contrary, defendants cite to precedent establishing that section 2423 does, indeed, criminalize the intra-Commonwealth transportation of minors to engage in sexual activity. Docket No. 39 at p. 2, (citing United States v. Medina-Ayala, 906 F. Supp. 2d 20 (D.P.R. 2012) (Fuste, J.) (denying motion to dismiss section 2423 counts alleging intra-Commonwealth transportation of a minor because "the Mann Act applies to Puerto Rico"); see also United States v. Cotto-Flores, 2016 U.S. Dist. LEXIS 139777 *4 (D.P.R. 2016) (Dominguez, J.) ("Section 2423 applies to the instant set of facts as [a] statute for the criminalization of the transportation of minors **within** a commonwealth of the United States for the purposes of engaging in sexual acts.") (emphasis added). Defendants cite no authority that persuades this Court to hold that intra-Commonwealth transportation of minors is beyond the purview of section 2423.

Moreover, it is inappropriate to equate sections 2423 and 2421 of the Mann Act. In 1998, Congress amended section 2423, not section 2421, to include the term "commonwealth," which criminalized explicitly the intra-commonwealth transportation of minors to engage in sexual acts. See Lebron-Caceres, 157 F. Supp.3d at 83. Accordingly, the Court rejects the proposition that "§ 2423 does not apply to Puerto Rico in as much as § 2421 did not." (Docket No. 39 at p. 4.) Driving several minor females from one location to another within Puerto Rico to engage in sexual acts, as alleged in the indictment, sets forth sufficiently the transportation element of section 2423.

Defendants' reliance on Sanchez Valle is equally misguided. In Sanchez-Valle, the Supreme Court ruled that Puerto Rico and the United States are not dual sovereigns for purposes of the double jeopardy clause because the ultimate source of Puerto Rico's prosecutorial authority is the federal government. 136 S. Ct. 1863. At bottom, Sanchez Valle addressed the relationship between Puerto Rico and the United States; it had nothing whatsoever to do with whether the intra-Commonwealth transportation of minors to engage in sexual acts violates section 2423. Consequently, the Court concludes that Sanchez Valle is irrelevant regarding whether the indictment sufficiently states a section 2423 offense pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

In two pages, defendants Montijo and Melendez invoke a number of authorities to surmise that "there seems to be no reason for § 2423 to apply to this district." (Docket No. 39.) Defendants cite the Federal Relations Act, 48 U.S.C. § 731 *et al.*, and the Privileges and Immunities Clause without explaining why invoking these authorities is pertinent to their argument. (Docket No. 39 at pp. 3 & 4.) Without more, the Court cannot decipher what relevance these authorities have to the merits of the pending motion to dismiss. Defendants further assert that aside from Puerto Rico, "no other territory, possession or commonwealth" is referred to "as a territory (unincorporated or otherwise) or a commonwealth" in the Federal Relations Act. Id.

To the extent that defendants have invited the Court to weigh in on the political status of Puerto Rico, the Court declines to do so. The Court need not define the status of Puerto Rico *vis-à-vis* the United States to rule on the motion to dismiss.[3]

---

[3] In its response the motion to dismiss, the government disputes the defendants' assertions regarding the status of Puerto Rico, addressing the merits and applicability of Maldonado-Burgos and Sanchez Valle. (Docket No. 51.) The Court reiterates that these decisions are inapposite, and that it need not define Puerto Rico's relationship with the United States to rule on the merits of the pending motion.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss counts of the superseding indictment alleging violations of section 2423 for failure to allege an offense, Docket No. 39, is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 2, 2017.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE